**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**v.**<br>**RODOLFO ZAMBRANO,**<br>**Defendant.** | **Case No. 17-20074-JAR-09** |

**MEMORANDUM AND ORDER**

On February 10, 2020, Defendant Rodolfo Zambrano was sentenced to a 36-month term of imprisonment followed by a four-year term of supervised release for a drug trafficking offense. This matter is before the Court on his Motion to Terminate Defendant's Term of Supervised Release (Doc. 563). While the United States Probation Office ("USPO") does not oppose Defendant's request, the government has filed a response opposing the motion.[1] For the reasons explained below, the Court denies Defendant's motion without prejudice to refile after he has successfully completed 24 months of his term of supervised release.

## I. Background

In January 2018, the government filed an 18-count Superseding Indictment against Defendant and twelve others charging them with conspiracy to distribute and possess with intent to distribute cocaine and marijuana, as well as other related offenses. Defendant was charged in Count 1 (conspiracy) and Count 11 (possession with intent to distribute more than 500 grams of cocaine). On November 19, 2019, Defendant pleaded guilty to Count 11 and the

[1] Doc. 564.

Court sentenced him to 36 months' imprisonment followed by a 48-month term of supervised release.[2]

While serving his custodial sentence, Defendant completed a college degree in Business and Accounting. He also completed the 500-hour Residential Drug Abuse Program ("RDAP").

On December 11, 2020, Defendant began serving his term of supervised release and has completed over 16 months of a 48-month term. While on supervision, Defendant has maintained good standing with the USPO, with no issues of reporting and no violations of supervised release, satisfied his monetary penalty with the Court, passed all drug tests, and has a record of successful rehabilitation while on supervision. He has maintained employment as a production manager at a construction company and a stable residence. The government objects to Defendant's motion, but indicates that it would support early termination after Defendant serves another eight months of his term of supervised release, or 24 months of the 48-month term.

## II. Discussion

Defendant seeks early termination of his four-year term of supervised release under 18 U.S.C. § 3583(e)(1), which authorizes the Court to terminate a defendant's term of supervised release "at any time after the expiration of one year of supervision" if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In deciding whether to terminate a term of supervised release, § 3583(e) directs the

[2] Doc. 372.

Court to consider certain factors set forth in 18 U.S.C. § 3553(a).[3] Whether to grant a motion to terminate a term of supervised release rests within the discretion of the Court.[4]

**A. Section 3553(a) Factors**

While the Court has the authority to terminate supervised release after one year, it must consider the factors set forth in § 3553(a) before ending supervision, which include: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) adequate deterrence; (3) protection of the public; (4) the need for effective education, training, care or treatment; (5) the sentencing guideline factors and range in effect at the time of sentencing; (6) pertinent Sentencing Commission policy statements; (7) the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and (8) the need to provide victim restitution.[5] Section 3553(a) factors a reviewing court may *not* consider are "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense[,]" and "the kind of sentences available."[6] This is because supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)."[7]

***History and Characteristics of Defendant***

The Court finds the history and characteristics of Defendant weigh against early termination of supervision. He has a lengthy history of criminal behavior, resulting in a criminal history score of III.[8] As part of the plea agreement, the government agreed not to seek

---

[3] *See United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (citing 18 U.S.C. § 3583(e)(1)).

[4] *Rhodes v. Judisak*, 676 F.3d 931, 933 (10th Cir. 2011).

[5] 18 U.S.C. § 3583(3) (citing 18 U.S.C. § 3553(a) factors).

[6] *Id.*

[7] *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011).

[8] Doc. 350 ¶ 53.

a sentencing enhancement pursuant to 21 U.S.C. § 851 based on Defendant's prior conviction in the Western District of Missouri ("WDMO") for possession with intent to distribute 500 grams or more of cocaine—the same crime for which he stands convicted in this case and a "serious drug felony"— which would have subjected him to a ten-year mandatory minimum sentence as well as a mandatory eight-year term of supervised release.[9] The instant offense of conviction occurred just one month after Defendant began his eight-year term of supervised release in the WDMO case, and his term of supervised release was revoked. This factor weighs against early termination of supervised release in this case.

***Adequate Deterrence and Protecting the Public***

Looking at the second and third § 3553(a) factors, Defendant has served his custodial sentence and approximately sixteen months under supervision. The severity of this punishment provides an adequate deterrent to others. Regarding the need to protect the public from additional criminal conduct by Defendant, the length of time he has spent under supervision without infraction is relevant. Since his release from prison in 2020, Defendant has complied with all terms of supervision and shown an ability to reintegrate himself into the community. The Court finds that while Defendant does not appear to present any threat of committing further crimes, given that Defendant has served approximately one-third of his term, adhering to the rules that are part of his supervised release for an additional period will provide him ongoing structure as he continues to adjust to life in the law-abiding community. This factor weighs against early termination of supervised release.

[9] 21 U.S.C. § 841(b)(1)(B).

***Training or Correctional Treatment***

Defendant does not appear to have continuing rehabilitative or training needs. This factor weighs in favor of early termination.

***Sentencing Guidelines and Policy Statements***

Defendant's mandatory term of supervised release for the Count 11 conviction is at least four years.[10] This factor is neutral in the Court's analysis.

***Sentencing Disparities and Restitution***

This factor has limited relevance. There is no evidence that early termination of Defendant's term of supervised release is necessary to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. Moreover, the "factor of avoiding unwarranted sentencing disparities . . . would generally undermine the case specific inquiry in evaluating a motion for early termination of supervised release, such that this factor has limited utility in this context."[11] Thus, this factor has little bearing on the overall § 3553(a) analysis.

***Restitution***

Defendant has no restitution obligations.

**B. Consideration of the Interests of Justice**

Having considered the § 3553(a) factors, the opinion of the USPO, and the position of the government, the Court is satisfied that continued supervision is in the interest of justice. While the Court commends Defendant for completing his college degree while in custody, his adherence to the conditions of supervised release, his gainful employment, and his commitment

---

[10] *Id.*

[11] *United States v. Harris*, 258 F. Supp. 3d 137, 145 (D.D.C. 2017).

to success, it nevertheless finds that it is in both Defendant's best interest and the best interest of the community for him to continue to be supervised at this time. Defendant's term of supervised release on Count 11 is a mandatory statutory term of at least four years. It is therefore both reasonable and appropriate for Defendant to continue serving his four-year term. This supervision should have no more than a minimal to moderate impact on his day-to-day life, with visits occurring infrequently. However, the Court encourages Defendant to continue on his path to successful reintegration and move for early termination in December 2022, after successfully completing 24 months or 50% of his term of supervised release, at which time the government has indicated it will support his request. Such early termination, while not as soon as Defendant requests, serves as positive incentive for Defendant and other defendants with negative criminal history to earn early discharge of supervision, serving the goal of deterrence under § 3553(a)(2)(B).

For the foregoing reasons, the Court finds that continued supervision is both in Defendant's best interest and in the best interest of the community. Defendant's motion for early termination of supervised release is therefore denied without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Rodolfo Zambrano's Motion to Terminate Defendant's Term of Supervised Release (Doc. 563) is **denied without prejudice** to refile after he has successfully completed 24 months of his 48-month term of supervised release.

**IT IS SO ORDERED.**

Dated: May 5, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE